MORTON FARMERS MUTUAL INSURANCE ASSOCIATION, Appellee, v. W. S. FARQUHAR, Appellant, et al., Appellee.

**INSURANCE:** Insurable Interest—Negativing Presumptive Effect of
1  Conveyance. Any "presumption" that all "insurable interest" in property is terminated by a conveyance of the property by the insured by warranty deed, though the consideration named be nom-

inal, is wholly overcome by uncontradicted testimony which is explanatory of the transaction: to wit, that at said time a mortgage debt which had matured on the property was renewed, and that the deed was then executed and delivered, with an oral agreement that the mortgagor-grantor should remain in possession and have a stated time in which to redeem. Especially is this true inasmuch as the *law* would, under such circumstances, create a presumption *substantially equivalent to the said oral agreement.* (See Book of Anno., Vol. 1, Sec. 9018, Anno. 108 *et seq.*)

**EVIDENCE: Parol as Affecting Writings—Deed. as Mortgage.** Oral
2  testimony is admissible to show that a deed of conveyance was intended as a mortgage, especially against one who is a stranger thereto and who has never acted thereon.

Headnote 1: 26 C. J. p. 37; 27 Cyc. p. 1385. Headnote 2: 22 C. J. p. 1260; 27 Cyc. p. 1021.

*Appeal from Page District Court.*—E. B. WOODRUFF, Judge.

DECEMBER 15, 1925.

ACTION for damages for fraudulent breach of duty on the part of the defendant Farquhar, as agent, to the plaintiff, as his principal, in that said Farquhar, acting as adjuster for the plaintiff-insurance company, adjusted and recommended payment of a loss, knowing that the plaintiff-company was not liable therefor. The defense was, in substance, a general denial. There was a verdict for the plaintiff against appellant for $2,000, and a judgment entered thereon. The defendant Farquhar has appealed.—*Reversed.*

*Orr & Turner* and *Charles Hutchinson,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

EVANS, J.—In the first instance, the plaintiff charged a conspiracy, entered into by the defendant Farquhar and the First National Bank of College Springs, of which Farquhar was

1. INSURANCE: insurable interest: negativing presumptive effect of conveyance.

president, and one Wells, one of the policyholders of the plaintiff, to defraud the plaintiff by collecting from it a false and invalid claim. Wells was not made a party-defendant; the ver-

dict was for the defendant the First National Bank; and no evidence of conspiracy was offered on the trial. We may treat the case here, therefore, as a case against Farquhar alone, for damages for a fraudulent breach of duty, as agent for the plaintiff. The facts of the case are comparatively simple. The evidence is without substantial conflict, unless it can be said that a certain legal presumption contended for by the plaintiff is of such a character as to make a conflict with evidence otherwise undisputed, and, as such, sufficient to carry the case to the jury. The plaintiff is a mutual insurance company, organized and doing business in Page and Fremont Counties, Iowa. One Wells was one of its members and policyholders. The defendant Farquhar was likewise one of its members and policyholders, and had been such for many years. He had also acted temporarily as adjuster of occasional losses. On March 19, 1920, the plaintiff-company issued its certificate of insurance to one Wells, for $4,250, $2,000 of which was upon his residence, and $1,200 upon his barn, and the remainder upon personal property. On December 4, 1921, this residence, while so occupied by Wells, was wholly destroyed by fire. This loss was reported to the plaintiff through Farquhar, who recommended the payment of the loss to the full amount of $2,000. The plaintiff thereupon paid the loss, by issuing its check on December 10th, payable to Wells. The complaint against Farquhar is that he himself, for his bank, and not Wells, was the real beneficiary of this adjustment, and that he fraudulently concealed that fact from the plaintiff's secretary, who issued the check in payment thereof. The pertinent facts at this point are that, on March 1, 1920, Wells had executed a mortgage to the First National Bank upon his residence property, including the house in question, to secure a note for $4,500. This mortgage in no manner violated the condition of the insurance, and no complaint is made of it. Indeed, the certificate of insurance imposes no restraint upon any policyholder in the matter of incumbering the insured property. This mortgage became due March 1, 1921. On March 21, 1921, Wells paid the interest on the mortgage up to March 1st, and executed a new note for the principal for $4,500, and executed a warranty deed for a stated consideration of $1.00. It was shown for the defendant that the consideration for this deed

was the existing mortgage debt and an agreement that Wells should have the right of possession and the right of redemption for the period of one year. Wells continued in possession, and was in the exercise of such right at the time the loss occurred. Under this agreement, Wells was to carry the insurance. He was regularly assessed by plaintiff for his insurance premium in November, 1921, and he paid the same. The deed was at that time on record, though its existence was not actually known to the officials of the plaintiff, except one director. Wells received plaintiff's check for his loss to the amount of $2,200. This sum represented an adjustment of $200 for household goods and $2,000 for the dwelling house. Upon receiving the same, Wells paid the $2,000 to the defendant bank, and such sum was indorsed upon his $4,500 note. Wells never did redeem the property. After the expiration of the year, and in the fall of 1922, the defendant-bank sold the property to a purchaser, and conveyed the same by special warranty deed, thereby asserting its title thereto. The foregoing comprises substantially the material facts in the case. It goes quite without saying, that, if Farquhar, while acting as adjuster for the plaintiff-company, knowingly concealed from the directing officers material facts affecting the liability of the company for the alleged loss, he would be liable for the resulting damage. Such is the final legal proposition upon which the plaintiff's case is predicated; nor does the defendant contend otherwise. Three main propositions are contended for by plaintiff:

(1)  That Wells, at the time of the loss, had no insurable interest in the property destroyed.

(2)  That Farquhar knew he had no insurable interest therein.

(3)  That Farquhar, so knowing, fraudulently concealed the fact from his superiors.

The negative contention by the defendant is: That Wells did have an insurable interest, and that Farquhar knew it, and that, so knowing, he was under no duty to report the contrary. The burden was upon the plaintiff to prove the propositions above stated. It is not sufficient for the plaintiff to prove that its secretary would not have paid the loss if it had known of the conveyance. It must prove that it was not liable for the

loss under all the facts which could be adduced at a trial of the issue. This is only another way of saying that the plaintiff must prove affirmatively that Wells had no insurable interest. The sole evidence relied on by plaintiff as proof of want of insurable interest in Wells, was the deed executed by him to the bank in March, 1921. The evidence of the agreement pursuant to which the deed was executed, was put in by the defendant. The argument is that the deed so opposes itself to the testimony of the defendant as to create a conflict of evidence, and thereby to make a question for the jury. It is argued for plaintiff that, though the defendant may be permitted to show that the deed was intended as a mortgage, yet he may not show any prior parol agreement for the purpose of qualifying the effect of the deed, because the deed itself would be the best evidence. It is further argued that the execution of the deed raises a presumption which is available to the plaintiff as substantive evidence, which must be affirmatively overcome by the defendant to the satisfaction of the jury.

This was the theory accepted substantially by the trial court in the submission of the case. The theory is not sound. As already indicated, the burden resting upon the plaintiff was to show that Wells had no insurable interest left in the property. This burden was not necessarily met by a showing that he had executed a deed of the property, while yet retaining the possession and control thereof. The insurance certificate imposed upon Wells no prohibition against incumbrance of the property. That a deed does not necessarily extinguish the insurable interest of the insured in the property, is well illustrated by the evidence in this case. The contention that the defendant may not show any different agreement from that implied in the deed itself is not well taken, if for no other reason than that the plaintiff was not a party to the deed. As a matter of law, deeds do function as mere securities. As a matter of law, also, deeds do not necessarily, or even usually, disclose the transaction pursuant to which they were executed. Whether a deed shall operate as an absolute transfer of title and possession, or shall operate as a continuing security for a debt, is a question always dependent upon the antecedent transaction pursuant to which it was.

2. EVIDENCE: parol as affecting writings: deed as mortgage.

executed. The plaintiff is not here as an innocent purchaser who has acted in reliance upon the form of the deed. On this question, the plaintiff is in the same position as it would have been if Wells had sued it for his insurance. The presumption for which plaintiff contends is one which operates as between the parties to the instrument and those in privity with them, and perhaps in favor of third parties who have acted in reliance upon the face of the instrument. The plaintiff is not a party to this deed; neither is the defendant Farquhar. The plaintiff was never misled in its action in reliance upon it. Indeed, the burden upon the plaintiff was, not only to show an absence of insurable interest in Wells, but was also to show that Farquhar *knew* that he had no such insurable interest. In predicating the charge of fraud against the defendant at this point, the plaintiff challenged the title of Wells, both legal and equitable, and thereby challenged the legal effect, not only of the deed, but of the transaction out of which it grew. If it be granted that, if there were no evidence in the record concerning the transaction pursuant to which the deed was made, then the deed should be given effect according to its terms, it does not follow that the oral evidence of the antecedent transaction is to be deemed contradictory to the deed. If the evidence were contradictory as to what the antecedent transaction was, that would present a different question.

So far as the question of presumption, however, is concerned, there is another fact in the record which is quite decisive. The record is without dispute that, at the time this deed was given, the grantee therein was then the holder of a mortgage for $4,500 upon the same property, and that it was due. We have, then, a case where the mortgagor of real estate executes to his mortgagee a deed of the real estate for a nominal consideration only. On the face of it, this would be a surrender of the right of possession and the right of redemption during the period of redemption. It is well settled that in such a case the deed will be presumed to be a continuation of the security, and the right of redemption thereon is presumed to continue. This presumption is greatly strengthened when the grantor continues in possession of the property described in the instrument. *Fort v. Colby,* 165 Iowa 95, 127-129. Under this rule of presump-

tion, we could ignore wholly the evidence of the specific agreement for the right of possession and the right of redemption. To say the least, this presumption wholly overrides the presumption for which the plaintiff contends, viz., that the deed must be given effect according to its terms. As already indicated, such alleged presumption in favor of the language of the deed is the sole reliance of the plaintiff in contradiction of the oral evidence of the agreement of the parties, pursuant to which the deed was executed. The undisputed evidence, therefore, as it is in this record, discloses that Wells had a perfect cause of action against the plaintiff for his insurance. The payment of it operated solely to the benefit of Wells. The proceeds were applied by him voluntarily upon the debt he was owing, and were credited upon his note. What his subsequent rights may have been, as between him and the bank, is a question not involved in this litigation.

It is argued that the credibility of Farquhar, as a witness, was a question for the jury, he alone having testified to the antecedent transaction. We fail to find any evidence of any circumstance in the case which is inconsistent with his testimony, unless the language of the deed and the alleged presumption arising therefrom shall be deemed such inconsistency. It must be presumed that there was some transaction between the parties, pursuant to which the deed was made. It is a grave question whether the burden was not on the plaintiff to show that transaction. In any event, Farquhar purported to testify to it. It was open to the plaintiff to meet that testimony with other testimony showing the transaction to have been otherwise. The plaintiff called Wells as a witness, but did not interrogate him on that subject.

We think it must be said that there was no material conflict in the evidence. The defendant's motion for a directed verdict ought to have been sustained.

The judgment below is, accordingly, reversed.—*Reversed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.